UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**FARHEEM HOUSTON,**

    **Plaintiff,**

v.                                              Case No.  3:25-cv-1338-TKW-HTC

**MARK DUNNING INDUSTRIES, INC.**

    **Defendant.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 15) and Plaintiff's objection (Doc. 16). No response to the objection is needed.

The Court reviewed the issues raised in the objection de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that the Plaintiff's Title VII claims should be dismissed with prejudice because they are time barred and the untimeliness is not excused under the doctrine of equitable tolling;[1] the wrongful termination claim

---

[1] The Court did not overlook Plaintiff's argument that the dismissal of the Title VII claims should be without prejudice so he can specifically plead the date that he received the right-to-sue letter. However, as the magistrate judge noted, *see* Doc. 15 at 6 n.5, even if the 90-day period started on May 8 rather than May 5, the complaint was still not timely filed. And, irrespective of whether the 90-day period ended on August 4 or August 6, the doctrine of equitable tolling would not save the untimely filing because, putting aside the fact that Plaintiff waited nearly a week to hand-file the complaint after he was unable to file it electronically, it is clear from the facts asserted

should be dismissed with prejudice because Plaintiff is an at-will employee; and that the other claims should be dismissed without prejudice for failure to state a claim on which relief can be granted. That said, Plaintiff has not previously amended the complaint and the Court cannot say at this point that amendment would be futile, so Plaintiff will be given a chance to file an amended complaint curing the pleading deficiencies in the claims that were dismissed without prejudice—if he can do so in good faith.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Defendant's motion to dismiss (Doc. 10) is GRANTED insofar as:

    a. the Title VII claim and the wrongful termination claim in the complaint are DISMISSED with prejudice; and

    b. the other claims in the complaint are DISMISSED without prejudice and with leave to amend.

3. Plaintiff has 14 days from the date of this Order to file an amended complaint curing the pleading deficiencies in the claims that were dismissed without prejudice.

---

in Plaintiff's objection that the untimely filing of the complaint was the result of Plaintiff waiting until what he believed was the last day to file suit rather than some extraordinary circumstance beyond his control that precluded him from meeting the deadline with due diligence.

4. If Plaintiff files an amended complaint, the Clerk shall refer the case back to the magistrate judge for further pretrial proceedings.

5. If Plaintiff does not file an amended complaint, the Clerk shall close the case file.

**DONE AND ORDERED** this 8th day of December, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**