UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FARHEEM HOUSTON,

    Plaintiff,

v.                            Case No. 3:25cv1338-TKW-HTC

MARK DUNNING INDUSTRIES INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Farheem Houston, proceeding *pro se*, has filed an amended complaint against his former employer, Defendant Mark Dunning Industries, Inc. ("MDI"), alleging racial discrimination and retaliation under 42 U.S.C. § 1981. Doc. 19. MDI has filed a motion to dismiss for failure to state a claim. Doc. 24. Upon consideration of MDI's motion, Houston's opposition (Doc. 26), and the relevant law, the undersigned finds the motion should be GRANTED and Houston's claims should be DISMISSED WITH PREJUDICE.

## I.  BACKGROUND

Houston initiated this action by filing a complaint against MDI for racial discrimination, retaliation, hostile work environment, and wrongful termination, seeking relief under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, 42 U.S.C. § 1981, and Florida common law. Doc. 1 at 1. MDI filed a

motion to dismiss (Doc. 10) and the undersigned entered a report recommending Houston's Title VII and wrongful termination claims be dismissed with prejudice[1] and Houston's FCRA and § 1981 claims be dismissed without prejudice for failure to state a claim. Doc. 15.

Houston objected to the report and recommendation. As to the FCRA and § 1981 claims, he specifically requested the Court grant him leave to amend to "address the Court's concerns." Doc. 16 at 9. Because Houston had no prior opportunity to amend, the District Judge adopted the report and recommendation as to the Title VII and wrongful termination claims but gave Houston fourteen (14) days to file an amended complaint as to the other claims. Doc. 17 at 2.

Although Houston failed to meet that deadline, the Court granted him relief from the final judgment, and accepted Houston's proposed first amended complaint as the operative pleading. *See* Doc. 23. The following relevant facts are taken from the first amended complaint (Doc. 19) and accepted as true for purposes of this Report and Recommendation.[2]

From late 2022 to January 2024, Houston, a black male, worked as a waste disposal driver for MDI. Houston was never disciplined for performance issues.

---

[1] The Title VII claim was time-barred and there is no claim for wrongful termination under Florida law for an at-will employee. Doc. 15.

[2] To support some of the allegations in the first amended complaint, Houston refers to several exhibits, which he contends are attached. There are, however, no exhibits attached to the first amended complaint. Because the Court will accept the allegations as true, the exhibits are not necessary at this stage.

Beginning in January 2023, Office Manager Angela Redd subjected Houston to ongoing harassment and disparate treatment. Houston's supervisor, Josiah Peace, "observed" Redd treating Houston "more harshly" than other employees and told Redd to "get off [Houston's] back." Nonetheless, the treatment continued.

In August 2023, Redd told Houston, "If you don't want to follow the rules, you should get a greeter job at Walmart." However, Redd did not identify any rules Houston had violated, and Houston was not disciplined.

On January 28, 2024, Houston texted Peace to inform him he had COVID, was feeling "really bad," "dizzy," and "short winded," and was seeking medical care. Peace responded "supportively" and told Houston to "get better." On January 29, 2024, Houston went to Santa Rosa Medical Group and received a doctor's note excusing him from work until February 2, 2024. He provided the doctor's note to Peace. The same day, Redd texted Houston and said, "Don't tell me u quitting after u just got paid out vacation." Houston replied, "I'm not," to which Redd responded, "Okay, I was about to have a full-blown meltdown. Get better soon."

The next day, Houston received a message: "Hey, please let me know if you'll be out tomorrow, rest of the week. We need a doc note also for three more days. Corporate requires it."[3] Later that day, he received another message: "Josiah [Peace] and I have both tried to reach out. If we don't hear back by 5 today, we will take it

---

[3] Houston does not allege who sent him this or the following message.

as you have resigned your position." However, Houston had been communicating with Peace and had not resigned.

In late January 2024, Redd stated in the workplace, in reference to Houston, that "I guess the n***** quit." The statement was made in front of Peace and another person named Wallace Hunt. Peace did not report the racial slur to HR, and MDI did not take any corrective or disciplinary action.

On January 31, 2024, Peace instructed Houston to turn in his keys and badge. Later, Houston received a text stating, "Your check will be paper … your last day of employment was Saturday January 27th."[4]

Based on these allegations, Houston brings two claims under 42 U.S.C. § 1981 against MDI: one for race discrimination, and one for retaliation. The first amended complaint does not contain a claim under the FCRA.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must liberally

---

[4] Houston does not allege who sent this text.

Case No. 3:25cv1338-TKW-HTC

construe Houston's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    DISCUSSION

MDI moves to dismiss the first amended complaint for failure to state a claim for discrimination or retaliation under § 1981. *See* Doc. 24. As explained below, the undersigned finds the motion should be granted. Despite being given an opportunity to more carefully craft his allegations to cure the pleading deficiencies outlined in the undersigned's prior Report and Recommendation (Doc. 15), Houston has failed to do so. No liberal reading of Houston's factual allegations supports a claim for discrimination or retaliation. Thus, those claims should be dismissed with prejudice and final judgment should be entered in favor of MDI.

### A.    Race Discrimination

Houston has failed to state a claim for race discrimination under § 1981 because, as with the original complaint, he failed to allege facts sufficient to show either direct or circumstantial evidence of discrimination. As the Court previously told Houston, to state a claim under § 1981, a plaintiff must allege (1) intentional race discrimination (2) that caused a contractual injury. *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). A plaintiff may allege intentional

discrimination by pleading the existence of either direct or circumstantial evidence. *See Lewis v. City of Union City* (*Lewis I*), 918 F.3d 1213, 1220 & n.6 (11th Cir. 2019) (en banc).   Direct evidence is evidence that, "if believed, proves [the] existence of [discriminatory intent] without inference or presumption." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) (quotation marks omitted, alterations in original).   "Evidence that only suggests discrimination, or that is subject to more than one interpretation, does not constitute direct evidence." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) (citations omitted).   "In contrast, circumstantial evidence merely suggests, but does not prove, a discriminatory motive, and may be evaluated under the burden-shifting test established in *McDonnell Douglas Corp. v. Green*."[5]   *Jefferson*, 891 F.3d at 921-22 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

       1.     Direct evidence

The only discriminatory conduct Houston alleges in the first amended complaint is Redd's use of a racial slur at the workplace.   Redd's use of the N-word outside of Houston's presence in a single instance, however, is not direct evidence of discrimination.   The Eleventh Circuit has "repeatedly held that [isolated general racial remarks] are not direct evidence of discrimination because they are either too

---

[5] The *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement." *See e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).

remote in time or too attenuated because they were not directed at the plaintiff." *Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1291 (11th Cir. 1998) (emphasis omitted); *see also E.E.O.C. v. Alton Packaging Corp.*, 901 F.2d 920, 922, 924 (11th Cir. 1990) (holding that a production manager's statement, "you people can't do a ------- thing right," to a former black employee was a "stray remark," which did not constitute direct evidence of discrimination by itself).

Second, as MDI argues, the alleged slur was not made by a decisionmaker and did not occur in the context of Houston's termination. *See Melton v. I-10 Truck Ctr., Inc.*, No. 3:21-cv-3061-MCR/ZCB, 2023 WL 9106967, at *10 (N.D. Fla. Nov. 28, 2023) (finding no direct evidence of discrimination where remarks were not made by the decisionmaker nor made when plaintiff was terminated); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (noting "remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination"), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Simply, "remarks that are not *tied* to a challenged employment decision … do not qualify under our definition of direct evidence of discrimination." *Michaels v. Sasser's Glass Works Inc.*, 662 F. Supp. 3d 1223, 1236 (S.D. Fla. Mar. 20, 2023) (emphasis in original) (quoting *Robertson v. Riverstone Cmtys., LLC*, 849 F. App'x 795, 801 (11th Cir. 2021)), *aff'd*, 2025 WL 588648 (11th Cir. 2025).

In the response, Houston argues "Defendant's 'decisionmaker' argument fails" and is premature because he does not have to "conclusively establish decisionmaker authority at the pleading stage." Doc. 26 at 3. Houston's argument is without merit for two reasons. First, Houston relies on *Staub v. Proctor Hosp.,* 562 U.S. 411 (2011), but that case is inapposite. *Staub* has nothing to do with pleading standards or with § 1981. In *Staub*, the Supreme Court analyzed the Seventh Circuit's decision to reverse a jury trial verdict in the context of whether a supervisor could be liable under the Uniformed Services Employment and Reemployment Rights Act if his "antimilitary animus" was the proximate cause of an adverse employment action. Thus, *Staub*'s analysis does not apply here.

Second, Houston admits in the allegations that Peace was his "direct supervisor," and alleges Peace, not Redd, told him to turn in his keys and badge. Contrary to Houston's argument otherwise, the first amended complaint is devoid of any factual allegations suggesting that Redd either influenced or had any responsibility or influence on the decision to terminate Houston. To the contrary, Houston admits that Peace "instructed" Redd to "get off [Houston's] back."

### 2. Circumstantial evidence

Indeed, in the response, Houston concedes that Redd's statement is not direct evidence of discrimination and argues the Court should look at the totality of the circumstances and consider Redd's statement, along with the other factual

allegations, to find that he has sufficiently alleged intentional discrimination through circumstantial evidence. Specifically, Houston argues that Redd's use of the "n" word around the same time as his termination and by someone in a managerial role, combined with Redd's unequal treatment of him, the lack of any corrective action by MDI against Redd, and MDI's classification of Houston's termination as a resignation, are sufficient to support a reasonable inference of discriminatory animus in his termination.

The undersigned disagrees. While a plaintiff may establish discriminatory intent through circumstantial evidence, the allegations in the first amended complaint fall well short of making that showing. First, the fact that Redd's comment occurred before Houston's termination is of no consequence. While temporal proximity may be consequential in a retaliation claim, the fact that Redd's isolated statement was made "sometime in late January" before Houston was terminated does not show discriminatory animus because, as stated above, it is untethered to his termination. Moreover, regardless of when that statement was made, Redd told Houston she hoped he would feel better soon.

Second, even assuming Redd treated Houston more harshly, there are no factual allegations showing she did so because of Houston's race. *See Ceus v. City of Tampa*, 803 F. App'x 235, 247 (11th Cir. 2020) (explaining "Title VII does not prohibit or regulate workplace issues of civility or personality conflicts") (citing

*Burlington*, 548 U.S. at 68).  "Unfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII." *Coutu v. Martin County Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) (emphasis in original).  And, as stated above, Peace—who was Houston's direct supervisor—instructed Redd to stop such conduct toward Houston.

In sum, aside from Redd's single use of a racial slur, the amended complaint is completely devoid of any other evidence of discrimination.[6]  And because Houston fails to allege direct or circumstantial evidence of discrimination, he fails to state a race discrimination claim under § 1981 and therefore this claim should be dismissed.  *See Banks v. Cypress Chase Condo. Ass'n B, Inc.*, 616 F. Supp. 3d 1316, 1321 (S.D. Fla. July 21, 2022) ("While the Eleventh Circuit precedent does not require that [plaintiff] set out a prima facie case under *McDonnell Douglas*, to survive a 12(b)(6) motion, she still must plead sufficient facts to raise a plausible inference of discrimination.  Her single allegation about the use of the phrase "you people" does not do that.").

**B.    Retaliation**

Houston also seeks to recover on a claim of retaliation under § 1981.  As the Court previously instructed Houston, to state a retaliation claim under § 1981, a

---

[6] While Houston is correct that he does need to plead the existence of a comparator, the existence of a comparator is one example of circumstantial evidence.

plaintiff must allege (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008). To successfully plead statutorily protected activity for a § 1981 retaliation claim, a plaintiff must reasonably convey he is opposing *racial* discrimination, versus some other type of discrimination or injustice generally. *See Bell v. City of Auburn, Ala.*, 722 F. App'x 898, 900 (11th Cir. 2018) ("So, to constitute protected activity under § 1981, a plaintiff would be required, in part, to subjectively believe that the unlawful employment practice complained of was racial discrimination.").

Houston alleges he engaged in protected activity when he took medically excused sick leave, reported his illness, and provided a doctor's note. As the Court previously told Houston, that conduct does not qualify as protected activity for purposes of a § 1981 retaliation claim because, even assuming Houston was entitled to "medical leave" under some statutory regime, exercising that right is not the same as opposing or challenging a wrongful employment practice. In other words, that conduct does not qualify as protected activity because it is unrelated to the type of unlawful practice protected under § 1981. *See Stephen v. H. Lee Moffitt Cancer Ctr. & Rsch. Inst. Lifetime Cancer Screening Ctr., Inc.*, 259 F. Supp. 3d 1323, 1341 (M.D. Fla. May 3, 2017) (noting that "to state a claim for retaliation pursuant to

§ 1981, the protected activity must have been the type that § 1981 was enacted to prevent *i.e.*, racial discrimination in the making and enforcement of contracts").

Notably, in Houston's response, he does not argue otherwise. Instead, he simply argues that if the Court agrees with MDI that the retaliation claim is deficient, it does not warrant the dismissal of the entire claim. Because Houston has failed to allege facts sufficient to show that he engaged in protected activity, his retaliation claim under § 1981 should be dismissed.

## IV. CONCLUSION

As Houston did in his prior response to MDI's motion to dismiss the original complaint, Houston asks the Court to allow him an additional opportunity to amend to cure any deficiencies. The undersigned finds such an additional opportunity to be unwarranted. In granting leave to amend under Rule 15(a)(2), "it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Ultimately, the "decision whether to grant leave to amend is committed to the sound discretion of the trial court," *Shipner v. E. Air Lines, Inc.*, 86 F.2d 401, 406 (11th Cir. 1989) (internal citations omitted).

Here, allowing an additional amendment would not promote judicial efficiency. Houston has already had an opportunity to cure the deficiencies in his § 1981 claims, with the additional benefit of a detailed report and recommendation

and a detailed motion to dismiss identifying those deficiencies. The amended complaint, however, fares no better and relies on the same corpus of facts that the Court has already determined to be insufficient to state a claim. Houston's amended complaint fails to state any claim under § 1981, and no additional amendment is going to turn the facts Houston alleges into viable claims.

Accordingly, it is RECOMMENDED that:

1.    MDI's motion to dismiss (Doc. 24) be GRANTED.

2.    This action be DISMISSED WITH PREJUDICE and final judgment be entered in favor of MDI.

3.    The clerk close the file.

At Pensacola, Florida, this 27th day of March, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.